VALLEY INV. CO. v. LOS ANGLES & SALT LAKE R. CO.

No. 7300. Decided December 19, 1950. (225 P. 2d 322.)

See 61 C. J. Taxation, Sec. 2018. Irregularities in tax deed as affecting color of title in connection with adverse possession, see note, 113 A. L. R. 1343. See, also, 1 Am. Jur. 905.

*William D. Callister*, Salt Lake City, for appellant.

*Byran P. Leverich, M. J. Bronson, A. U. Miner*, and *Howard F. Coray*, all of Salt Lake City, for respondent.

WADE, Justice.

Plaintiff, appellant herein, who is the successor in interest of the delinquent tax debtor owner of the real property in question, brings this action to quiet its title to such property against the defendant, Los Angeles and Salt Lake Railroad Company, respondent here, who on November 7, 1941, by purchase obtained a tax sale deed thereto from Salt

Lake County. Since that time, defendant has held actual, physical possession of the property in question claiming to be the owner thereof under its tax deed. This case presents the question of whether plaintiff's action is barred by the statutes of limitations.

Plaintiff's predecessors failed to pay the taxes assessed against the property for the year 1930, and a Treasurer's Tax Sale Certificate was issued to Salt Lake County covering this property on December 22nd of that year. This property was not redeemed from that sale within the time provided therefor by law and the taxes for the years 1931 to 1935 inclusive were not paid, and the county's interest in such property was not sold to anyone during that period. On March 31, 1936, a County Auditor's Deed for such property based on the 1930 treasurer's sale was issued to Salt Lake County. Neither of the affidavits required by Sections 5982 and 6006 C. L. U. 1917 now Sections 80—7—9 and 80—8—7, U. C. A. 1943, were attached to the assessment roll for the year 1930. So defendant's tax title is defective. See *Telonis* v. *Staley*, 104 Utah 537, 144 P. 2d 513.

Defendant claims title by adverse possession under Section 104—2—5, U. C. A. 1943, as amended by Laws of Utah 1943, Chapter 18, page 21, and other related statutes. *It is clear that neither the plaintiff nor its* predecessors in interest have had actual physical possession of this property for more than seven years prior to the commencement of this action on January 10, 1948, and that defendant has had such actual physical possession for more than four years but not quite seven years prior to that date, and that it claimed adversely to the plaintiff under its tax deed. It is well settled in this state that a person holding property under a defective tax title for a period of seven years is doing so adversely to the claim of ownership to such property by the delinquent tax debtor owner. See

*Bozievich* v. *Slechta,* 109 Utah 373, 166 P. 2d 239; *Welnor* v. *Stearns,* 40 Utah 185, 120 P. 490, Ann. Cas. 1914C, 1175.

In *Toronto* v. *Sheffield,* 118 Utah 460, 222 P. 2d 594, we held that Section 104—2—5.10, Laws of Utah 1943, Chapter 19, page 22, is unconstitutional. So defendant cannot recover under that section of the statute. Prior to the 1943 amendment to Section 104—2—5 supra, a plaintiff could commence this kind of an action at any time within seven years after losing actual physical possession to a defendant holding adversely to him. So defendant can only succeed in this case if the 1943 amendment to Section 104—2—5 supra had the effect of reducing the time within which plaintiff may bring such an action from a period of seven years to four years.

Section 104—2—5 as amended in Laws of Utah 1943, reads as follows:

"No action for the recovery of real property or for the possession thereof shall be maintained, unless it appears that the plaintiff, his ancestor, grantor or predecessor was seized or possessed of the property in question within seven years before the commencement of the action; provided, *however*, that with respect to actions brought *for the recovery of real property held by another under tax deed, or for the possession thereof, the action must be brought within the time prescribed by Section* 104—2—5.10 *of this code.*".. (Emphasized parts were added by this amendment.)

The provision added by the amendment refers to Section 104—2—5.10 which was enacted by the same legislature and took effect on the same date as this amendment. Assuming that the legislature may include a provision in a statute by reference to another then existing statute, there is some difficulty in determining the object and purpose of this amendment.

If the amendment to Sec. 104—2—5 was merely to avoid conflict with the newly enacted Sec. 104—2—5.10, then, since that section was held unconstitutional, any such conflict was removed by that holding and the amendment would therefore have no further force or effect. Sec. 104—

2—5, before the amendment, provided a period of limitation within which an action might be brought for the recovery of real property after the plaintiff had lost possession but the amendment to that section does not expressly specify that the limitation period commences to run from the time possession is lost but merely refers generally to the period prescribed by Sec. 104—2—5.10 in actions for the recovery of real property held by another under a tax deed. There is nothing in the wording of this amendment which indicates that it was intended to cover or apply especially to the kind of actions involving adverse possession of real property so we conclude that it was the legislative intention to merely deal with the period of limitations generally in actions brought for the recovery of real property held by another under a tax deed.

To hold that this amendment had the effect of shortening the period required to establish the title by adverse possession would require amendment by implication to a number of other sections of the statute dealing with that question. See Secs. 104—2—7 to 104—2—12, U. C. A. 1943.

Sec. 104—2—7.

"In every action for the recovery of real property, or the possession thereof, *the person establishing a legal title to the property shall be presumed to have been possessed thereof within the time required by law;* and the occupation of the property by any other person *shall be deemed to have been under and in subordination to the legal title, unless it appears that the property has been held and possessed adversely to such legal title for seven years* before the commencement of the action." (Italics added.)

Sec. 104—2—12.

"In no case shall adverse possession be considered established under the provisions of any section of this code, unless it shall be *shown that the land has been occupied and claimed for the period of seven years continuously, and that the party, his predecessors and grantors have paid all taxes which have been levied and assessed upon such land according to law."* (Italics added.)

Had the legislature intended to shorten the period required for acquiring title by adverse possession from seven

to four years, it should have amended these two sections of the statute and probably other sections dealing with that subject to expressly so provide. Since no such amendment was made, and the amendment to 104—2—5 was of a general nature and did not directly refer to the time when possession of the property was lost, we are of the opinion that the only effect intended by this amendment was to remove any possible conflict between the newly enacted. Sec. 104—2—5.10 and Sec. 104—2—5. We, therefore, conclude that this amendment is ineffective since the newly enacted statute has been held unconstitutional and that the defendant, having failed to prove that it has actually occupied these premises for a period of seven years, the plaintiff is entitled under Secs. 104—2—7 to the presumption that it has been in possession thereof within that time and that the defendant's possession has been in subordination to the legal title thereto.

The decision of the trial court is reversed with directions to grant a new trial wherein defendant may present its claim for the recovery of the amount it has paid to the county for this property as a condition of quieting appellant's title thereto. Appellant shall recover its costs on appeal.

PRATT, C. J., and WOLFE, LATIMER, and McDONOUGH, JJ., concur.